## Case No. 1,037.

### BARR v. GALLOWAY.

[1 McLean, 476.][1]

Circuit Court, D. Ohio. July Term, 1839.

CURTESY—SEISIN DURING COVERTURE—ENTRY ON WILD LAND—PROFITS—STATUTE OF USES—ADVERSE POSSESSION—DEED—PRESUMPTION—VALIDITY.

1. By the common law seisin during coverture must be shown, to entitle the husband to claim as tenant by the curtesy. To this rule there are certain exceptions.

2. The law does not require that to be done which is unreasonable or impracticable.

3. In this country an entry on wild land is not necessary, to enable the husband to claim as tenant by the curtesy.
[See Davis v. Mason, 1 Pet. (26 U. S.) 503.]

4. A perception of the esplees is evidence of seisin, but this is presumed under a deed.

5. Under the statute of uses an entry was not essential to a complete title.

6. The party who seeks to invalidate or avoid a deed must impeach it. If there was an adverse possession at the time the deed to the defendant was executed, it is incumbent on the plaintiff to show it.

7. The court will not presume facts against a deed which, upon its face, has all the legal requisites to make it a valid instrument.

At law.

Scott & Leonard, for plaintiff.
Stansbury & Bond, for defendant.

OPINION OF THE COURT. The plaintiff [David Barr's lessee] gave in evidence a patent from the United States to Charles Bradford for the land in controversy, dated the 14th May, 1796. The patentee died without issue, leaving Henry G. Bradford, Charles H. Bradford, Elizabeth J. Bradford, and Fielding M. Bradford his heirs at law. Henry and Charles died intestate and without issue. Elizabeth intermarried with John Finley. They had two children, Henry Heath Finley and Elizabeth J. Finley. The latter intermarried with David Barr, the lessor of the plaintiff, and is now deceased. The plaintiff also gave in evidence a deed to him for the land from Henry Heath Finley, and here he rested his case.

The defendant [James Galloway, Jr.,] gave a deed for the land in evidence from Fielding M. Bradford and John Finley, the husband of Elizabeth J. Bradford, and father of Henry Heath Finley, and of the wife of the lessor of the plaintiff; which was executed the 29th November, 1815. The wife of the grantor John Finley, died before the execution of this deed. Possession was taken by the defendant a short time after the date of this deed, and there is no proof of a prior possession.

In the argument of the case it was insisted,

that no interest passed under the deed from John Finley to the defendant; as it was made subsequent to the death of his wife, and there is no evidence of actual seisin, which is necessary to be shown by the husband to enable him to claim the land conveyed, as tenant by the curtesy. And it is also insisted by the plaintiff, if seisin in fact, by the husband, during the life of his wife, were not necessary, yet it is incumbent to show that at the time of the conveyance there was no adverse possession.

Before deeds or feoffments were used for the conveyance of land, livery of seisin was the only evidence of title. And this livery was required to be made by entering upon the land, and there in the presence of the vicinage to deliver the possession. The notoriety of the act afforded the only evidence of title, for the whole rested in the memory of the witnesses, called to observe the ceremony. And after the invention of deeds and other written evidence of title, the ancient principles of the common law were only departed from so far as to consider the instrument, not as the title itself, but as the evidence of title. And that it authorized an entry on the land, without which the grantee could not convey the land, nor bring an action against a trespasser. Nor would it descend to his heirs on his decease. Without an entry, except in cases which shall be hereafter noticed, he could not bring an action on the title of the land. 1 Co. Litt. p. 29, c. 4, § 35. "Tenant, by the curtesy of England, is, where a man taketh a wife seised in fee simple, or in fee tail general, or seised as heir in tail special and hath issue by the same wife, male or female born alive, albeit the issue after dieth or liveth, yet if the wife dies, the husband shall hold the land during his life by the laws of England." "And first of what seisin a man shall be tenant by the curtesy. There is in law a twofold seisin, viz: a seisin in deed, and a seisin in law. And here Littleton intendeth a seisin in deed, if it may be attained unto, as if a man dieth siesed of lands in fee simple or fee tail general, and these lands descend to his daughter, and she taketh a husband and hath issue and dieth before any entry, the husband shall not be tenant by the curtesy; and yet in this case she had a seisin in law; but if she or her husband had during her life entered he should have been tenant by the curtesy." "But if a man seised of an advowson or rent in fee hath issue a daughter who is married and hath issue and dieth seised, the wife, before the rent became due, or the church became void, dieth, she had but a seisin in law, and yet she shall be tenant by the curtesy, because she could by no means obtain to any other seisin. But a man shall not be tenant by the curtesy of a base right, title, use, or of a reversion or remainder expectant upon an estate of freehold, unless the particular estate be determined or ended during the coverture." 1

[1] [Reported by Hon. John McLean, Circuit Justice.]

Coke, 123. By the common law lands or tenements cannot pass but by solemn livery, or matter of record, or by sufficient writing, if the thing lies in grant.

The wife at common law was endowable where there had been no actual possession, and the reason is, that during coverture she could not take possession of the lands of her husband. 2 Co. Litt. p. 358, § 681. "For tenant in freehold in land is he who, if he be deprived of the freehold, may have an assize, but tenant in freehold in law before his entry, in deed shall not have an assize. And if a man be seised of certain land, and hath issue, a son who taketh wife and the father dieth seised, and after the son dies before any entry made by him into the land, the wife of the son shall be endowed in the land, and yet he had no freehold in deed, but he had a fee and freehold in law."

Under the common law, actual seisin was necessary, to enable the husband to claim as tenant by the curtesy. But this rule was not inflexible. It yielded to circumstances, as in the case of an advowson or rent, or where an entry is prevented by force. 2 Co. Litt. §§ 417, 418. In like manner if a man have a title of entry into lands, but dare not enter for fear of bodily harm, and he approach as near the land as he dare, and claim the land as his own, he hath presently, by such claim, a possession and seisin in the lands, as well as if he had entered in deed. 2 Co. Litt. § 419. And, under some circumstances, living within view of the land, will give the feoffee a seisin in deed, as fully as if he had made an entry. 1 Co. Litt. p. 29, c. 4, § 35. If an estate of freehold in seignories, rents, commons, or such like, be suspended, a man shall not be tenant by the curtesy, but if the suspension be but for years, he shall be tenant by the curtesy. As if a tenant make a lease for life of the tenancy to the seignories who taketh a husband and hath issue, the wife dieth, he shall not be tenant by the curtesy, but if the lease had been but for years he shall be tenant by the curtesy. And in 3 Atk. 436, the court say, lands on which there were leases for years existing and a rent incurred, descended on a wife as tenant in tail general, who survived three months after the rent day occurred, though she made no entry, nor received any rent during her life, yet this was such a possession in the wife as made the husband tenant by the curtesy. In Barwick's Case, 5 Coke, 94, it was held that letters patent under the great seal, do amount to a livery in law, and must give actual seisin. As where a livery is made of one parcel of land in the name of others in the same vicinity.

No livery of seisin is necessary to perfect a title by letters patent. The grantee in such a case takes by matter of record and the law deems the grant of record of equal notoriety with an actual tradition of the land in the view of the vicinage. The contrary is the fact as to feoffments. The deed is inoperative without livery of seisin. Green v. Liter, 8 Cranch, [12 U. S.] 229.

A perception of the profits, or, in more technical language, a taking of the esplees is evidence of seisin, but if seisin be established, this is presumed. Under the statute of uses the bargainee without entry or livery of seisin, has a complete seisin in deed. Harg. Co. Litt. 261, note. In most of the states of the Union statutes have been adopted, if not in the same language, to the same effect, as the statute of uses. The delivery of the deed is substituted for the ancient form of livery of seisin. And this is held to be a seisin in deed, where there is no adverse possession at the time.

The question in the present case is, whether wild and unappropriated lands, patented by the government, can descend, to a female out of possession so as to invest her husband, after her decease, with a tenancy by the curtesy, where there was no entry during coverture, either by the wife or husband. The reason on which livery of seisin was instituted, fails in this case. And it is a sound maxim that where the reason of the rule fails the rule itself can have no application. Why should a formal entry be made on land situated in a wilderness, remote from human habitation? Such an entry could not be notorious, as there is no vicinage to witness the act, or preserve the fact. If the law requires nothing in vain, it cannot require an entry under such circumstances. If an entry is dispensed with, where there is a lease for years, an advowson or rent, or where force is used to prevent, as above stated, is not the reason as strong, to excuse an entry on land in an uninhabited country? The law can never require an individual to do that which is either impracticable or unreasonable. And what could be more unreasonable or absurd than to require an entry on wild lands, to vest a complete title in the grantee?

In the case of Green v. Liter, [8 Cranch, (12 U. S.) 229,] above cited, the court held emphatically, that an entry was unnecessary. And the same doctrine is laid down in 4 Day, 294. And in the case of Jackson v. Sellick, 8 Johns. 208, the court say, where a feme covert is the owner of wild and uncultivated land, she is considered in law, as in fact, possessed so as to enable her husband to become a tenant by the curtesy. An actual entry or pedis positio by the wife or husband, during the coverture is not requisite to the completion of a tenancy by the curtesy. This is believed to be the correct rule as generally recognized in this country. Adhering to what they conceive to be the common law on the subject, the court of appeals of Kentucky hold that to sustain a writ of right, it is necessary for the demandant to show a pedis positio. And on this point that court holds a different doctrine from the supreme court of the United States. Applying this rule to all cases and under all circumstances, as the

court of appeals are understood to do, they are unquestionably wrong. For it has been shown that there are exceptions to the rule. But it must be admitted that the rule is of general application, only subject, like most other general rules, to certain exceptions. And it is believed that wild and uncultivated lands in this country form as strong a case, for an exception to the rule, as any above stated. But admitting the rule here laid down as correct, the counsel for the plaintiffs insist that it is incumbent on the person claiming under a deed, to show, if not a pedis positio, at least that the land conveyed was wild and uncultivated, and that there was no adverse possession, when the deed was executed. That these being essential to the validity of the deed, the party who claims under it, must prove them.

An adverse possession cannot be presumed against a deed. If it exist, it must be shown by the party who impeaches the deed and endeavors to avoid it. In the case of Holt's Heirs v. Hemphill's Heirs, 3 Ham. [3 Ohio,] 238, the court say we have always held that a complete title may be executed, without an actual entry and where the grantee may never have been within hundreds of miles of the property granted. The delivery of the deed has been considered as giving possession in contemplation of law, and the grantor is presumed to have entered, unless that presumption is rebutted by facts wholly inconsistent with it, as where the premises at the time of the grant, are in the actual seisin of a third person claiming title adverse to the grantor. In the case of Green v. Watkins, 7 Wheat. [20 U. S.] 27, the supreme court observe, where the demandant shows no seisin by a pedis positio, but relies wholly on a constructive actual seisin, in virtue of a patent of the land as vacant land, it is competent for the tenant to disprove that constructive seisin, by showing that the state had previously granted the same land to other persons with whom the tenant claims no privity. And again in the same case, the court say in a writ of right, the tenant cannot give in evidence the title of a third person, with which he has no privity, unless it be for the purpose of disproving the demandant's seisin. In the case of Bush v. Bradley, 4 Day, 298, the court held that proof of an adverse possession does not prevent the estate by the curtesy from attaching. But it is unnecessary to consider this point, as it does not arise from the facts in the case.

We think that the four requisites to constitute a tenancy by the curtesy, which are marriage, seisin, birth of a child, and death of the wife, have been sufficiently shown by the defendant to sustain the deed from Finley to him. Indeed none of the requisites, except that of seisin, are disputed. And we are clearly of the opinion that there was seisin in deed in this case, which gave Finley a right to claim as tenant by the curtesy; and consequently that his deed to the defendant conveys a life estate in the premises in controversy.

NOTE. [from original report.] After the court had made up their opinion in this case, they were informed that the counsel had agreed to continue the cause to await the decision of the state court, in a case in chancery between the parties, which involves the validity of the contract between the heirs of Bradford and the defendant. But as the court had examined the case, and made up their opinion on it, it was thought proper to publish the opinion.